## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KIMBERLY STARLING**, 1331 Village Green Drive, Southlake, TX 76092, individually and on behalf of a class of all persons and entities similarly situated, | Case No.: |
| *Plaintiff*, | **JURY DEMANDED** |
| v. | |
| **CLEAR HEALTH, LLC**, 1537 Swearingen Drive, Bel Air, MD 21014, | |
| Defendant. | |

## INTRODUCTION

1.     This action arises out of Defendant, Clear Health, LLC's ("Defendant" or "Clear Health"), practice of making prerecorded telemarketing calls to individuals without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the Texas Business & Commerce Code.

2.     Plaintiff has done no business with Clear Health and has never provided Clear Health prior express written consent to call her telephone with prerecorded messages.

3.     Accordingly, Plaintiff brings this TCPA action on behalf of herself and three classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and Texas Business & Commerce Code §§ 302.302(a) and 305.053.

## The Telephone Consumer Protection Act

4.     The TCPA was enacted in 1991 to prevent unwanted telephone calls and solicitation, provide power to individuals to prevent unwanted solicitations, and rein in unrestricted telemarketing.  *See* 47 U.S.C. § 227, *et seq.*

1

5.      The TCPA provides private rights of action for various types of telemarketing-related misconduct.

6.      Relevant here, Section 227(b) of the TCPA prohibits making ***any*** call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

7.      A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. The TCPA also provides for permanent injunctive relief to enjoin defendants from violating the TCPA.  *See* 47 U.S.C. § 227(b)(3).

## Soundboard Technology

8.      The TCPA's prohibition on the use of artificial or prerecorded voices without the prior express consent of the called party includes the use of "soundboard technology."  *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; 35* FCC 14640, 14640-41 (F.C.C., Dec. 18, 2020).

9.      Soundboard technology, also known as "avatar technology," is the use of a library of multiple short, prerecorded messages or sound clips to communicate with a called party during a call.

10.      A live person or artificial intelligence selects which prerecorded messages or sound clips to play in response to a called party's responses or inquiries.

11.      The FCC has explained that soundboard technology violates the prohibition on using artificial or prerecorded voice messages, even if a live agent is in control of the response:

> **There is no doubt that soundboard technology "uses" a prerecorded voice to deliver a message to the consumer** . . . . As a result, if a live agent initiates the call with a prerecorded voice message using soundboard technology, the caller must obtain the

called party's prior express consent.  In other words, the mere presence of a live operator with soundboard technology does not negate the clear statutory prohibition against initiating a call using a prerecorded or artificial voice.  **Nowhere does the TCPA text exempt calls where a human selects a prerecorded voice message for the called party**.

*Id.* at 14644 (emphasis added).

12.     The use of soundboard technology has drawn many consumer complaints.  *See id.* at 14642-43.

13.     For example, consumers complain that during soundboard calls, the consumers often receive inappropriate or nonsensical responses to their questions or comments, no live telemarketer intervenes to provide a human response when requested to do so, the recorded audio clips that are played do not adequately address their questions and calls abruptly terminate in response to consumer questions or inquiries for which there is not an appropriate recorded response available.[1]

### JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

15.     This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

16.     This Court has jurisdiction over Clear Health because Clear Health is based in this District, conducts business transactions in this District and has committed tortious acts in this District.

---

[1] Letter from Lois Greisman, FTC to Michael Bills (Nov. 10, 2016) https://www.ftc.gov/system/files/documents/advisory_opinions/letter-lois-greisman-associate-director-division-marketing-practices-michael-bills/161110staffopsoundboarding.pdf (last accessed August 28, 2021)

3

17.     Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

18.     Plaintiff Kimberly Starling ("Starling") is, and at all times mentioned herein was, a citizen and resident of Southlake, Texas.

19.     Ms. Starling is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.     Ms. Starling is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27)

21.     Ms. Starling is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

22.     Clear Health is, and at all times mentioned herein was, a Maryland limited liability company headquartered at 1537 Swearingen Drive, Bel Air, Maryland 21014.

23.     Clear Health is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

24.     Clear Health is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

25.     Clear Health is, and at all times mentioned herein was, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

## GENERAL FACTUAL ALLEGATIONS

26.     Clear Health, or someone acting on its behalf and at its direction, makes prerecorded and/or soundboard technology driven telemarketing calls marketing health insurance

4

products.

27.     For the calls made using an artificial or prerecorded voice (all calls), Clear Health

utilizes soundboard technology to play an artificial voice and/or prerecorded voice messages to the

called party marketing its health insurance products.

28.     The Federal Communication Commission ("FCC") has declared that the use of

soundboard technology violates the TCPA:

> **There is no doubt that soundboard technology "uses" a
> prerecorded voice to deliver a message to the consumer** . . . . As
> a result, if a live agent initiates the call with a prerecorded voice
> message using soundboard technology, the caller must obtain the
> called party's prior express consent.  In other words, the mere
> presence of a live operate with soundboard technology does not
> negate the clear statutory prohibition against initiating a call using a
> prerecorded or artificial voice.  **Nowhere does the TCPA text
> exempt calls where a human selects a prerecorded voice message
> for the called party**.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of
1991; 3*5 F.C.C.R. 14640, 14644(F.C.C., Dec. 18, 2020) (emphasis added).

29.     Ms. Starling is aware that these telephone calls used a prerecorded or artificial voice

message because of her familiarity with normal human interaction, intonation, manners of

speaking, and her inability to engage the prerecorded or artificial voice in reciprocal, sensical

communication or banter.

30.     None of the calls at issue were placed for emergency purposes.

31.     Clear Health did not have the prior express consent (or any consent) from the called

parties prior to placing each call.

## PLAINTIFF STARLING'S FACTUAL ALLEGATIONS

32.     Ms. Starling is the user of a cellular telephone number ending in 6140.

33.     Ms. Starling received Clear Health's prerecorded telephone calls on her cellular

number ending in 6140 as described herein.

34.   On March 1, 2021 at 10:44 AM, Ms. Starling received a call from 817-668-8223.

35.   On March 2, 2021 at 11:36 AM, Ms. Starling received a call from 817-660-9623.

36.   Each of these calls used an artificial or prerecorded voice.

37.   Ms. Starling never provided prior express written consent (or any consent) to Clear Health for these telephone calls.

## **DEFENDANT'S LIABILITY**

38.   Because Clear Health's calls constitute telemarketing, Clear Health was required to obtain prior express written consent from the persons to whom Clear Health made calls.

39.   "Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8)

40.   Ms. Starling never provided Clear Health with any consent, written or otherwise.

41.   Accordingly, each of Clear Health's telemarketing calls to Ms. Starling using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

42.   For violations of 47 U.S.C. § 227(b), Ms. Starling is entitled to a minimum of $500 per call.

43.   Ms. Starling is entitled to $1500 per call if Clear Health's actions are found to be knowing or willful.

44.   In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under

that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

45.     As set forth above, Clear Health violated 47 U.S.C. § 227, or a regulation adopted under that provision.

46.     Accordingly, Ms. Starling is entitled to a permanent injunction, and the greater of $500.00 for each violation or Ms. Starling's actual damages for each call made by Clear Health. *See* Tex. Bus. & Com. Code § 305.053(b).

47.     Ms. Starling is entitled to an additional $1500 per call if Clear Health actions are found to be knowing or intentional.  *See* Tex. Bus. & Com. Code § 305.053(c).

48.     In addition, pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State.

49.     Clear Health violated § 302.101 of the Texas Business & Commerce Code when it engaged in telephone solicitation without obtaining a registration certificate from the Office of the Secretary of State.

50.     Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Ms. Starling is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

51.     In addition, pursuant to § 302.302(d) of the Texas Business & Commerce Code, Ms. Starling is entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

52.     Ms. Starling has suffered concrete harm because of Clear Health's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;

- Invasion of Privacy; and

- Nuisance.

## CLASS ACTION ALLEGATIONS

53.   Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two categories of

proposed "Classes," the "TCPA Classes" and the "Texas Classes" as defined as follows:

### THE TCPA CLASSES

All persons within the United States to whom: (a) Clear Health, or a third party acting on Clear Health's behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number or number that is charged per the call; (c) using an artificial or prerecorded voice; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

("TCPA 227(b) Class")

### TEXAS CLASSES

Plaintiff and all residents of the State of Texas to whose (a) telephone number Defendant placed (or had placed on its behalf); (b) a telephone solicitation; (c) when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

("Texas § 302.101 Class").

Plaintiff and all residents of the State of Texas to whose (a) telephone number Defendant; (b) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(b); (c) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

("Texas § 305.053 Class")

(The TCPA Class and the Texas Classes are collectively referred to herein as the "Classes.")

54.   Excluded from the Classes are Clear Health and any entities in which Clear Health

has a controlling interest; Clear Health's agents and employees; any Judge and Magistrate Judge

to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

55.     The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

56.     The exact number and identities of the persons who fit within the Classes are ascertainable in that Clear Health and third parties maintain written and electronically stored data showing:

     a.   The time period(s) during which Clear Health placed its calls;

     b.   The telephone numbers to which Clear Health placed its calls;

     c.   The telephone numbers for which Clear Health had prior express written consent;

     d.   The purposes of such calls; and

     e.   The names and addresses of Class members.

57.     The Classes are comprised of hundreds, if not thousands, of individuals.

58.     There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

     a.   Whether Clear Health (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

     b.   Whether Clear Health (or someone acting on its behalf) obtains prior express written consent;

     c.   Whether Clear Health had the requisite registration certificate as required by Tex. Bus. & Com. Code § 302.101 when making telephone solicitations;

     d.   Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

e.   Whether Clear Health should be enjoined from engaging in such conduct in the future.

59.    Ms. Starling is a member of the Classes in that Clear Health placed prerecorded telemarking calls to her phone.

60.    Ms. Starling's claims are typical of the claims of the Members of the Classes in that they arise from Clear Health's uniform conduct and are based on the same legal theories as these claims.

61.    Ms. Starling and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Clear Health's unwanted calls and suffered a nuisance and an invasion of their privacy.

62.    Ms. Starling has no interests antagonistic to, or in conflict with, the Classes.

63.    Ms. Starling will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

64.    Clear Health has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

65.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

66.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

67.    Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**

10

**(On Behalf of Plaintiff and the TCPA 227(b) Class)**

68.     Ms. Starling and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

69.     Clear Health placed, or had placed on its behalf, prerecorded telemarketing telephone calls to Ms. Starling's and TCPA 227(b) Class Members' telephone numbers without prior express written consent.

70.     Clear Health has therefore violated 47 U.S.C. § 227(b).

71.     As a result of Clear Health's unlawful conduct, Ms. Starling and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

72.     Ms. Starling and TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of Texas § 302.101 Class**
**(On Behalf of Plaintiff and the Texas § 302.101 Class)**

73.     Ms. Starling and the proposed Texas § 302.101 Class incorporate the foregoing allegations as if fully set forth herein.

74.     Clear Health failed to obtain a registration certificate from the Office of the Secretary of State pursuant to violated § 302.101 of the Texas Business and Commerce Code.

75.     Clear Health placed, or had placed on its behalf, telephone solicitations to Plaintiff's and Texas § 302.101 Class Members' telephone numbers.

76.     Clear Health's telephone solicitations were made to Ms. Starling and Texas § 302.101 Class Members located in Texas.

77.    Ms. Starling and Texas § 302.101 Class Members are entitled to an award of up to $5000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**THIRD CAUSE OF ACTION**
**Violations of Texas § 305.053 Class**
**(On Behalf of Plaintiff and the Texas § 305.053 Class)**

78.    Ms. Starling and the proposed Texas § 305.053 Class incorporate the foregoing allegations as if fully set forth herein.

79.    Clear Health placed, or had placed on its behalf, in a 12-month period more than one prerecorded telemarketing telephone calls to Ms. Starling's and Texas § 305.053 Class Members' telephone numbers.

80.    Each of these calls violated 47 U.S.C. § 227(b).

81.    Ms. Starling and Texas § 305.053 Class Members are entitled to:

    a.   a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

    b.   the greater of $500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages (*see* Tex Bus. & Com. Code §304.053(b);

    c.   the greater of $1,500 for each violation or Ms. Starling's and Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

**PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Starling, individually and on behalf of the Classes, prays for the following relief:

    A.    An order certifying the Classes as defined above, appointing Ms. Starling as the

representatives of the Classes and appointing their counsel as Class Counsel;

B.      An order declaring that Clear Health's actions, as set out above, violate 47 U.S.C. § 227(b);

C.      An order declaring that Clear Health's actions, as set out above, violate Tex. Bus. & Com. Code § 302.101.

D.      An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Clear Health from engaging in the wrongful and unlawful acts described herein;

E.      An award of statutory damages;

F.      An award of treble damages;

G.      An award of reasonable attorneys' fees and costs, including the costs set forth pursuant to Tex. Bus. & Com. Code § 302.302(d); and

H.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: November 14, 2022

*/s/ John T. McGowan* _____
John T. McGowan, Esq. Bar No. 21477
KINNER & McGOWAN PLLC
413 East Capitol Street SE, First Floor
Washington, D.C. 20003
Tel: (202) 846-7148
jmcgowan@kinnermcgowan.com


*/s/ Max S. Morgan* _____
Max S. Morgan, Esquire*
Eric H. Weitz, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
(*Pro Hac Vice Forthcoming)

14